# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jean C., | No. 20-cv-1214-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendants. | |

This matter is before the Court on the parties' cross-motions for summary judgment. ECF Nos. 11, 14. The Court held a hearing on June 22, 2021, at which counsel for Jean C. and the Commissioner appeared and presented oral argument. The Court issued a ruling from the bench denying Ms. C's motion, granting the Commissioner's motion, and affirming the Commissioner's decision denying disability benefits. The Court explained its reasoning for the decision in considerable detail. The reasons for the Court's decision stated on the record are incorporated into this Order and briefly summarized below.

First, Ms. C challenges the ALJ's finding, at step four of the sequential analysis, that her housekeeping job in 2012 qualifies as past relevant work. Considering the applicable regulations and the evidence in the record, the Court finds no error. Under 20 C.F.R. § 404.1560(b)(1), for a job to be "past relevant work," it must be (1) performed within the last 15 years (recency); (2) performed long enough that the claimant could learn the job (duration); and (3) substantial gainful activity (SGA). Work activity is SGA if it "involves doing significant physical or mental activities," and is work that the claimant "does for pay or profit." 20 C.F.R. § 404.1572. A claimant's earnings can show that that a job was substantial gainful activity, and the Agency regulations have established guidelines for earnings that generally constitute SGA earnings levels. *See* 20 C.F.R. § 404.1574.

Ms. C does not challenge the ALJ's conclusion that the housekeeping job she performed in 2012 satisfied the recency and duration requirements; instead, she argues that the ALJ erred in concluding the job constitutes SGA. The Court disagrees. Ms. C's argument

1

depends, in part, on an analysis of her average monthly earnings below presumptive SGA levels. Her calculation is based on dividing $10,648.50, her 2012 earnings from the temp company through which she did the housekeeping work, by twelve months. However, Eighth Circuit case law addressing SGA earnings levels suggests that the earnings should be divided by the number of months an individual actually works. *See, e.g.*, *Vincent v. Apfel*, 264 F.3d 767, 769 (8th Cir. 2001) (claimant's earnings should be averaged over only the months worked). The evidence in the record suggests that she did not do the housekeeping job for twelve months. Instead, her testimony at the ALJ hearing was that she performed the job for between six and nine months. R. 112.[1] In a work history report, she indicated that she performed the job for five months. R. 261. In addition, Ms. C's work history report indicates that she earned $8.50 per hour, and did the job eight hours a day, five days a week. This comes out to earnings of approximately $1,460 per month, well above the monthly average of $1,010 needed to reach SGA levels. *See Driskell v. Barnhart*, 182 F. Supp. 2d 803, 806–07 (S.D. Iowa) (concluding that the claimant's earnings from a past job constituted SGA for purposes of applying the past-relevant-work regulation by multiplying the hourly rate by the regular hours and days worked, and the average number of weeks in a month (4.3)). Accordingly, Ms. C has not shown that the ALJ erred in concluding that her earnings from the housekeeping job supported a finding that it qualified as SGA.

Ms. C also argues that the ALJ's finding that the housekeeping job was performed at SGA levels was erroneous because the evidence indicated that she did both the housekeeping work and an "assembly" job in 2012 for the same temp agency. There is certainly evidence that Ms. C performed both jobs for Express Services in 2012, but the evidence does not provide a basis for determining what portion of the earnings may have been attributable to the assembly job. *See* R. 113 (testifying that she could not remember how long she worked the assembly job); R. 261 (indicating that the assembly job lasted seven months). The Court is not persuaded that the ALJ failed to make a reasonable determination based on the evidence in the record. It was Ms. C's burden to provide evidence at step four of the sequential evaluation, so the lack of clarity in the record does not translate to an

---

[1]     The Court cites to the Administrative Record at docket entry 10 with the abbreviation "R."

erroneous finding by the ALJ. Moreover, the evidence referenced above supports the ALJ's determination that Ms. C performed the housekeeping job at SGA levels.

Further, the Court is not persuaded by Ms. C's argument that the ALJ erred by writing a decision that lacks sufficient explanation for how the past-relevant-work finding was reached. Although ALJs have an obligation to explain their decisions with sufficient clarity to allow a subsequent reviewer to determine the basis for their decisions, the written decision in this case and the ALJ's citation to the earnings records satisfies that duty. Nor is the fact that the Court had identified additional evidence from the record that supports the ALJ's decision indicative of a deficiency in explaining the rationale for the decision.

Finally, the Court finds that the ALJ's residual functional capacity determination was supported by substantial evidence and remand is not required to include additional limitations based on Ms. C's migraine headaches. As the Court explained during the hearing, substantial evidence supports the ALJ's determination that Ms. C's headache symptoms were less frequent and less severe when treated with medication. There was evidence indicating that Ms. C's headaches became more manageable with conservative treatment. Evidence in the record also supported the ALJ's finding that Ms. C's daily activities were consistent with the RFC ultimately adopted. Further, the Court finds that there was no error in the ALJ's assessment of the opinion provided by Dr. Hernandez, Ms. C's treating neurologist. The ALJ provided good reasons for assigning the opinion little weight, as the opinion included no specific assessment of functional limitations attributable to the headaches and there was substantial evidence that Dr. Hernandez's own treatment notes were not entirely consistent with the opinion.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Ms. L's motion for summary judgment (ECF No. 11) is **DENIED**;

2. The Commissioner's motion for summary judgment (ECF No. 14) is **GRANTED**;

3. The ALJ's decision is **AFFIRMED**; and

4. This case is **DISMISSED WITH PREJUDICE**.

**Let Judgment be entered accordingly.**

Date: July 7, 2021

                                                   *s/ Katherine Menendez*
                                                   Katherine Menendez
                                                   United States Magistrate Judge